UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BARBARA ZINNAMON,

        Plaintiff,

        - against -

OUTSTANDING BUS CO.,

        Defendant.

08-CV-1787 (ARR)(LB)

------------------------------------------------------------X

DWIGHT DAVIDSON JR.,

        Plaintiff,

        -against-

OUTSTANDING BUS CO.,

        Defendant.

08-CV-1786 (ARR)(LB)

------------------------------------------------------------X

## REPORT & RECOMMENDATION

**BLOOM, United States Magistrate Judge:**

On April 21, 2008, plaintiffs, Barbara Zinnamon, and her son Dwight Davidson Jr., filed these two *pro se* employment discrimination actions pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §12112, *et seq..* Plaintiffs both allege that defendant failed to hire them, failed to promote them, and failed to accommodate their disabilities on the basis of their race, color, gender, religion, national origin, age and disability. Defendant answered the complaints and the Court held an initial pretrial conference

pursuant to Rule 16 of the Federal Rules of Civil Procedure on June 23, 2008. At the conference, the Court discussed discovery and set October 6, 2008 as the deadline for the parties to complete all discovery. See Document 13 in 08-CV-1787. In August 2008, defendant's counsel moved by letter to compel plaintiffs to respond to discovery. See Document 17, 08-CV-1787. By memo endorsement dated August 29, 2008, I ordered plaintiffs to respond to the outstanding discovery requests by September 15, 2008. Id. I also warned plaintiffs that if they failed to respond, defendant's counsel may move to dismiss these actions. Id. Plaintiffs failed to respond to the discovery demands. On September 25, 2008, defendant moved to dismiss plaintiffs' complaints and these motions were referred to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).[1] For the reasons discussed below, it is respectfully recommended that defendant's motions to dismiss for failure to obey a discovery order pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 37(d)(1) & (3) should be granted.

## BACKGROUND

On June 23, 2008, the Court held an initial pretrial conference in these actions pursuant to Federal Rule of Civil Procedure 16. During the June 23, 2008 conference, the Court explained the discovery process to plaintiffs and set October 6, 2008 as the deadline for the parties to complete discovery. The Court directed the parties to exchange certain documents and advised plaintiffs to review the rules regarding discovery in the *Pro Se* Manual they received. On June 26, 2008, the Court issued an Order, which memorialized the parties discovery obligations and scheduled deadlines. See 08-CV-1787, Document 13. Also on June 26, 2008, plaintiffs served and filed numerous documents. See Exhibit A attached to the Declaration of Jeffrey D. Pollack ("Pollack

---

[1] The cases present the identical issue and therefore the Court issues one Report and Recommendation.

Declaration"). On July 3, 2008, defendant served plaintiffs with interrogatories and document requests, which plaintiffs failed to respond to. See Exhibits B & C attached to Pollack Declaration. By letter dated August 21, 2008, defendant informed the Court that plaintiffs did not respond to defendant's discovery requests and asked the Court to compel plaintiffs to comply with their discovery obligations. On August 29, 2008, the Court ordered plaintiffs to respond to the outstanding discovery requests. The Court also warned plaintiffs that if they failed to respond to defendant's requests by September 15, 2008, defendant's counsel would move to dismiss these two actions under Fed.R.Civ.P. 37. See Document 17 in 08-CV-1787. Plaintiffs did not abide by the Court's August 29, 2008 Order and failed to respond to defendant's discovery requests. Instead, plaintiffs re-served previously submitted documents that are unresponsive to defendant's requests. See Document 18 in 08-CV-1787 and 08-CV-1786.

On September 25, 2008, defendant moved to dismiss plaintiffs' cases pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 37(d)(1) & (3). See Document 19 in both actions. By letter dated October 2, 2008, defendant's counsel informed the Court that the motions served on plaintiffs at their known address were returned by the United States Postal Service after being marked "Return to Sender Please." See Document 22 in both actions. Defendant's counsel requested an order from the Court directing plaintiffs to respond to the motions to dismiss. Id. By Order dated October 3, 2008, the Court directed plaintiffs to apprise the Court of their correct addresses by October 17, 2008 or the Court will presume that plaintiffs received notice of defendant's motions. The Court also set a schedule for the briefing of the motions to dismiss and ordered that should plaintiffs fail to serve their opposition to the motions by November 3, 2008, the Court would consider defendant's motions unopposed. On October 14, 2008, plaintiffs submitted a copy of the Court's

3

October 3, 2008 Order and wrote on the Order, "Judge Bloom Opposition Served on June 23, 2008 to Court and Attny Pollack." See Document 25 in both actions.

On November 26, 2008, plaintiffs filed an interlocutory appeal to the United States Court of Appeals for the Second Circuit from the Court's October 3, 2008 Order. See Document 28 in both actions. By Mandate dated March 25, 2009, the Second Circuit *sua sponte* dismissed plaintiffs' appeals for lack of jurisdiction because a final order had not been issued by the district court. See Second Circuit docket numbers 08-5933-cv; 08-5925-cv.

## DISCUSSION

The Court may dismiss a complaint for a party's failure to comply with a Court order regarding discovery. See Fed. R. Civ. P. 37(b)(2)(A) ("...the court where the action is pending may issue further just orders. They may include the following: ...(v) dismissing the action or proceeding in whole or in part...."). See also Fed. R. Civ. P. 37(d)(1) & (3). In deciding whether to impose sanctions under Rule 37, the Court considers the following factors: "(1) the willfulness of the noncompliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (internal citations omitted). "Dismissal under Fed. R. Civ. P. 37 . . . should be imposed only in extreme circumstances" where the failure to comply is due to "willfulness, bad faith, or any fault." Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986) (internal quotes omitted). Non-compliance with discovery orders will be deemed willful "when the court's orders have been clear, when the party has understood them and when the party's noncompliance is not due to factors beyond the party's control." Burgie v. Euro Brokers, Inc.., No. 05-CV-968 (CPS),

2006 WL 845400, at *12 (E.D.N.Y. 2006) (quoting Baba v. Japan Travel Bureau Int'l, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y.1996), aff'd, 111 F.3d 2 (2d Cir.1997)).

However, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that non-compliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994). This sanction is available even against *pro se* litigants because "while pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

At the outset, the Court takes judicial notice that Ms. Zinnamon has filed at least eleven employment discrimination cases in this Court. Ms. Zinnamon's litigation history in this Court began over a decade ago when she filed an employment discrimination case against her former employer, The Bank of New York. See Zinnamon v. Bank of New York, 98-CV-5705 (ARR). On May 5, 1999, the Honorable Charles P. Sifton approved a settlement and stipulation of discontinuance with prejudice in that action. Thereafter, Ms. Zinnamon repeatedly sought to reopen the case unsuccessfully. Since settling the Bank of New York case, Ms. Zinnamon has filed numerous employment discrimination cases[2] alleging, *inter alia,* that various employers failed to

---

[2] See Zinnamon v. T-Mobile, No. 09-CV-3273 (ARR) (plaintiff requested a job via email and was refused); Zinnamon v. American Mail Order, No. 09-CV-2042 (ARR) (plaintiff, on behalf of her son Dwight Davidson Jr., alleges failure to hire in May 2005); Zinnamon v. NYC Dep't of Social Svcs., No. 08-CV-5266 (ARR) (plaintiff alleges defendant failed to hire her); Zinnamon v. NYS Dep't of Educ., No. 08-CV-5149 (ARR) (plaintiff alleges defendant failed to provide her fingerprints); Zinnamon v. NYC Dep't Citywide Svcs., No. 08-CV-3612 (ARR) (plaintiff alleges defendant failed to hire her); Zinnamon v. NYC CCRB, No. 08-CV-2155 (ARR) (plaintiff alleges that defendant failed to hire her after she called defendant and "left messages."); Zinnamon v. PCF Newspaper, No. 08-CV-1400 (ARR) (case dismissed

hire her based on discrimination, as she alleges here. Ms. Zinnamon and Mr. Davidson are not strangers to the Court. Both have been told repeatedly that they must comply with Court Orders.

Instant Actions

At the initial pretrial conference held on June 23, 2008, the Court set the discovery deadline and discussed what information would need to be exchanged. Defendant's counsel stated that defendant had no record of plaintiffs ever applying for a job in 2004, the basis for plaintiffs' complaints to this Court. The Court addressed plaintiffs:

| | |
|---|---|
| The Court: | I'm asking you when did you put in applications. The physical application itself. |
| Ms. Zinnamon: | In 2004. |
| The Court: | Only in 2004. |
| Ms. Zinnamon: | Correct. |
| The Court: | And that was for each of you. |
| Ms. Zinnamon: | Correct. |
| The Court: | So, you filed one on your own behalf and one on behalf of Mr. Davidson. |
| Ms. Zinnamon: | Mmm hmm. |
| The Court: | In 2004. |
| Ms. Zinnamon: | Correct. |

---

by Judge Ross on August 20, 2008 as untimely); Zinnamon v. NYC Dept. of Education, No. 08-CV-1399 (ARR) (plaintiff alleges defendant failed to hire her for a position as a paraprofessional. Case dismissed by Judge Ross on October 7, 2008 as untimely); Zinnamon v. Bridge Security, No. 08-CV-1398 (ARR) (defendant failed to hire plaintiff, case dismissed by Judge Ross on November 10, 2008 as untimely); Zinnamon v. Bank of New York, No. 06-CV-1805 (ARR) (plaintiff sought to reopen a settlement obtained on May 5, 1999, in Zinnamon v. Bank of New York, No. 98-CV-5707 (ARR)). The Court also notes Dwight Davidson, Jr., has brought an employment discrimination action in his own name. See Davidson v. NYC Dep't of Social Services, No. 08-CV-5261 (ARR).

| | |
|---|---|
| The Court: | And since that date you've called to follow up on the application. |
| Ms. Zinnamon: | That's right. |
| The Court: | You never submitted a new application? |
| Ms. Zinnamon: | No. |

(Transcript of June 23, 2008 conference ("Tr."), 08-CV-1786, document 17 at 15).

On July 3, 2008, defendant served interrogatories and document requests on plaintiffs. See Exhibit B attached to Pollack Declaration. Question 4 of defendant's interrogatories requests that plaintiffs list all dates and times where plaintiffs contacted defendant regarding employment, other than in person. Question 5 of defendant's interrogatories requests all information regarding all charges of discrimination ever filed by plaintiffs and Question 6 requests information regarding all lawsuits ever filed by plaintiffs.

Instead of responding to defendant's interrogatory and document requests, plaintiffs re-served unresponsive documents they had previously submitted. See Document 18 in 08-CV-1787 and 08-CV-1786. Many of the documents plaintiffs submitted raise serious concerns. Specifically, plaintiffs have produced letters addressed to defendant dated August 2004, August 2005, August 2006, and August 2007, expressing plaintiffs' continued interest in employment with defendant. Each letter is identical, with the exception of the date. Moreover, plaintiffs have each produced copies of job applications dated September 8, 2006 which were allegedly given to defendant. However, Ms. Zinnamon clearly stated in Court on June 23, 2008 that she submitted only one employment application to defendant for herself and her son in 2004. Thus, the submitted documents are inconsistent with plaintiff's statements to the Court. In addition, both Zinnamon's and Davidson's applications are in the same handwriting on the first and second pages. Moreover,

7

both Zinnamon's and Davidson's September 8, 2006 employment applications list Quality Script One as a past employer for the same period of time starting in March 2001, with the same salary for both plaintiffs. Mr. Davidson is listed as the supervisor for both plaintiffs. Mr. Davidson would have been fifteen years old in March 2001, according to his statement that he was twenty-one years old at the June 23, 2008 conference. Tr. at 4. Moreover, Mr. Davidson's application states that he was advised of the job with defendant by Ms. Zinnamon and a friend, while Ms. Zinnamon's application states that Mr. Davidson advised her of the job with defendant. However, during the June 23, 2008 conference, plaintiffs represented to the Court that Ms. Zinnamon learned of the position from "someone that lives in my building where I live in a housing development." Tr. at 19. Again, the job applications produced by plaintiffs are at odds with plaintiffs' representations to the Court. These submissions suggest that plaintiffs are fabricating documents to support their claims that they sought employment with defendant since 2004.

The resume and supporting documents Ms. Zinnamon allegedly supplied to defendant with her job application in 2004 cause further concern. Ms. Zinnamon's resume was clearly composed after 2007; not only does it list experience from 2005 to the present, but it also references a Master of Education Degree from Golden Brown University in the State of Illinois which was allegedly conferred upon plaintiff in 2007. This resume could not have been presented to defendant at the time she allegedly submitted her job application in 2004. Additionally, plaintiff's alleged Master of Education "diploma" is almost identical to Ms. Zinnamon's Master of Business Education "diploma" which was awarded on June 2, 2005 by Tennessee Three University, Robin Folkes School of Business Administration. Further, there is an identical graphic depicting the campus of each school. These "degrees" were previously submitted by Ms. Zinnamon to the Court in

Zinnamon v. New York City Civilian Complaint Board, 08-CV-2155 (ARR). The Court's decision noted concern regarding these documents: "The court finds it incredible that both universities - purportedly located in different states - have the same campus, the same chairman of the board of trustees and the same president." The Court went on, "[t]he court is concerned about plaintiff's representations and cautions plaintiff that her submissions to this court must be truthful." Id., document 20 at 8, n.3.

Defendant filed the instant motion to dismiss on September 25, 2008. Instead of responding to defendant's motion, plaintiffs marked the motion papers served on them by mail, "Return to Sender Please," and the papers were returned to defendant's counsel. See Document 22 in both actions. On November 26, 2008, instead of responding to defendant's motion, plaintiffs filed a Notice of Appeal and Motion for Extension of Time to the Court of Appeals for the Second Circuit. Plaintiffs' papers to the Second Circuit argued:

> opposing attorney Jeffrey Pollack is taking us into a different realm other than what he is suppose [sic] to be going forth with. . . . he should deal with the just the one [case] he is to handle and just the one alone. We are not prying into any of his other cases . . . So why push his way into cases he has nothing to do with.

See Notice of Appeal, Argument III. Plaintiffs further stated, "we would like the company to compensate us without any further questions asked." See Notice of Appeal, Conclusion.

The record herein demonstrates that plaintiffs have wilfully failed to comply with their discovery obligations and this court's discovery orders. Instead of responding to defendant's outstanding interrogatories and document requests, plaintiffs submitted non-responsive and possibly manufactured documents to the Court. Plaintiffs' appeal to the Second Circuit reveals their thinking: they would like to be compensated without any further questions asked. Plaintiffs have been given ample opportunity to comply with their obligations in these actions. Moreover,

the Court's August 29, 2008 Order, warned plaintiffs that if they failed to respond to defendant's discovery requests by September 15, 2008, their actions would be subject to dismissal under Fed.R.Civ.P. 37. See 08-CV-1787, document 17. Thus, plaintiffs were warned and given an opportunity to respond to defendant's discovery demands. Agiwal, 555 F.3d at 302.

Plaintiffs' failure to comply with their discovery obligations as well as the other actions they have taken to evade process herein demonstrate their willful disregard of the Court's orders. Despite the Court's order and warnings, plaintiffs failed to respond to the outstanding discovery, marked defendant's motion to dismiss return to sender and appealed to the Second Circuit. Plaintiffs' willful disregard of the Court's order is not based on any misunderstanding. The interest of justice is not served by giving plaintiffs unlimited chances to obey the Court's orders and defendant should not be forced to bear further costs of litigating these actions.

Based upon plaintiffs' failure to comply with their discovery obligations despite being warned of the consequences, this Court finds plaintiffs' willful and bad faith conduct herein sufficient to dismiss these complaints. See Branford v. The Research Foundation of SUNY, No. 05-CV-0344 (WMS), 2009 WL 1851280, at *3 (W.D.N.Y. June 29, 2009) (dismissal warranted where plaintiff's conduct was "entirely willful" as evidenced by his correspondence to the Court and filed documents); Passe v. The City of New York, No. 02-CV-6494 (ERK), 2009 WL 290464, at *15 (E.D.N.Y. Jan. 5, 2009) (dismissal warranted "in light of plaintiff's pattern of deliberate disregard for . . . [Court] orders and directives as well as her abuse of the litigation process."); Walker v. Jeffrey Zagelbaum Mgmt LLC, No. 07-CV-4799 (RJD), 2008 WL 5348543, at *3 (E.D.N.Y. Dec. 22, 2008) (dismissal warranted where plaintiff continued to challenge discovery orders and produced non-responsive papers); Graham v. Reed, No. 06-CV-2065 (DGT), 2007 WL

2323506, at *3 (E.D.N.Y. Aug. 10, 2007) (dismissing pro se plaintiff's complaint in its entirety for willful failure to comply with discovery obligations); Gibson v. Lorillard Tobacco Co., No. 03-CV-2433 (ENV), 2007 WL 295601, at *1-4 (E.D.N.Y. Jan. 29, 2007) (dismissal warranted where plaintiff's responses to discovery requests were incomplete and misleading); Egan v. City of N.Y., No. 05 Civ. 7840, 2006 WL 2468703, at *4 (S.D.N.Y. Aug. 23, 2006) ("[W]illful or conscious disregard for the discovery process justifies the sanction of dismissal." (internal citations omitted)). Thus, defendant's motion to dismiss plaintiffs' actions should be granted.

Filing Injunction

It is further recommended that the Court should warn Ms. Zinnamon that any future employment discrimination action she brings to contest an employer's alleged failure to hire her shall result in the imposition of a filing injunction. The United States Supreme Court has recognized that a *pro se* litigant is not generally subject to the same financial considerations – filing fees and attorney's fees – that deter other litigants from filing frivolous submissions. Id. The Court has noted that

> every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interest of justice. The continual processing of petitioner's frivolous requests... does not promote that end.

In re McDonald, 489 U.S. 180, 184 (1989). In order to conserve judicial resources, the Court has, for example, denied a *pro se* petitioner *in forma pauperis* status on all future petitions for extraordinary relief. See In re Sindram, 498 U.S. 177, 180 (1991).

In Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (*per curiam*), the Second Circuit held that the Court has the authority to issue a filing injunction when "a plaintiff abuse[s] the

process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive ... proceedings." (internal quotations and citations omitted). See also Pandozy v. Tobey, No. 07-4897-cv, 2009 WL 1674409, at *2 (2d Cir. June 16, 2009); Iwachiw v. NYC Board of Elections, 273 F.Supp.2d 224, 227 (2d Cir. 2003) (citing Lau. 229 F.3d at 123); Polur v. Raffe, 912 F.2d 52, 57 (2d Cir. 1990); Williams v. NYC Housing Auth., No. 06-CV-5473 (NGG), 2008 WL 5111105, at * 5 (E.D.N.Y. Dec. 4, 2008). However, it is "[t]he unequivocal rule in this circuit ... that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard." Iwachiw v. New York State Dept. of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005) (quoting Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998)).

I therefore recommend that Ms. Zinnamon be warned that any future filing will subject her to a filing injunction. The Court has considered plaintiff's litigation history, and her lack of an objective good faith expectation that she could prevail in her suits. See Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986). Moreover, the Court finds that without a filing injunction, Ms. Zinnamon "is likely to continue to abuse the judicial process and harass other parties." Id. For all of these reasons, it is recommended that Ms. Zinnamon be warned that a filing injunction shall be imposed if she files another employment discrimination action challenging an employer's alleged failure to hire her.

## CONCLUSION

It is respectfully recommended that plaintiffs' actions should be dismissed under Fed. R. Civ. P. 37 (b)(2)(A)(v). It is further recommended that the Court should warn Ms. Zinnamon that any future employment discrimination action she brings to contest an employer's alleged failure to hire her shall result in the imposition of a filing injunction against her.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: August 31, 2009
       Brooklyn, New York